UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES EDWARD LEE,

        Petitioner,         Case No. 1:13-cv-1292

v.         Honorable Robert J. Jonker

CARMEN D. PALMER,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because Petitioner's claims are procedurally barred.

**Factual Allegations**

Petitioner Charles Edward Lee presently is incarcerated at the Michigan Reformatory. Following a guilty plea, which was taken in the midst of a jury trial, Petitioner was convicted of armed robbery, MICH. COMP. LAWS § 750.529, and possession of a short-barreled shotgun, MICH. COMP. LAWS § 750.224b. On May 5, 2011, Petitioner was sentenced to prison terms of 9 years to 20 years for the armed robbery conviction and 2 years to 5 years for the possession of a short-barreled shotgun conviction.

On June 8, 2011, Petitioner appealed his convictions to the Michigan Court of Appeals in Case No. 304463. Several months after filing his appeal, Petitioner filed a motion for remand, which the court of appeals granted for the limited purpose of amending the judgment to reflect that Petitioner's conviction was by plea. (*See* Michigan Court of Appeals, Case No. 304463, 1/12/2012 Order.) On February 23, 2012, an amended judgment was filed reflecting that change. On March 12, 2012, the Michigan Court of Appeals dismissed Petitioner's appeal for lack of jurisdiction because:

> Defendant's underlying convictions were based upon a plea of guilty to a crime committed after December 27, 1994. Therefore, he is not entitled to an appeal as a matter of right from the Judgment of Sentence dated June 5, 2011.[1] MCR 7.203(A)(1)(b).[2]

(*Id.*)

---

[1] The date of June 5, 2011 must have been a clerical error because Petitioner was sentenced on May 5, 2011.

[2] MICH. CT. R. 7.203(A)(1)(b) states:

> (A) **Appeal of Right**. The court has jurisdiction of an appeal of right filed by an aggrieved party from the following:
>
> (1) A final judgment or final order of the circuit court, or court of claims, as defined in MCR 7.202(6), except a judgment or order of the circuit court
>
> * * *
>
> (b) in a criminal case in which the conviction is based on a plea of guilty or nolo contendere

Thereafter, Plaintiff filed an application for leave to appeal in the Michigan Supreme Court. (*See* Brief in Support of Habeas Pet., docket #4-1, Page ID##61-99.) The Michigan Supreme Court denied Petitioner's application on September 4, 2012. (*See id.* at Page ID#60.)

On December 12, 2011, while he was still pursuing Case No. 304463, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was docketed as Case No. 308122. Petitioner raised the following three grounds for relief:[3]

> I. The trial court unlawfully deprived the defendant of his due process, equal protection and other protected rights under the United States and Michigan constitutions when it failed to take into account all mitigating evidence in sentencing the defendant.
>
> II. The trial court unlawfully violated the United States and Michigan constitutions in sentencing the defendant to a prison term of 108 months to 20 years on the armed robbery conviction and to a prison term of 2-5 years on the possession of a short-barreled shotgun conviction.
>
> III. The trial court unlawfully deprived the defendant of his due process, equal protection and other protected rights under the United States and Michigan Constitutions when it ordered him to reimburse the county attorney fees it paid and will pay to trial and appellate counsel without first holding a hearing got determine if he had the present and future ability to pay them and when it ordered in violation of the separation of powers clause the Michigan Department of Corrections to make that determination.

(Pet., docket #1, Page ID##4-7.) The Michigan Court of Appeals denied Petitioner's application on the merits on April 5, 2012. (*See* Brief in Support of Habeas Pet., docket #4-1, Page ID#59.) Petitioner did not file an application for leave to appeal in the Michigan Supreme Court.

On April 29, 2013, Petitioner filed a motion for relief from judgment pursuant to MICH. CT. R. 6.500 in the Oakland County Circuit Court raising the following two grounds for relief:

---

[3]Petitioner had raised the same three grounds for relief in Case No. 304463. (*See* docket #1, PageID##2-3.)

> I. Defendant was deprived of his Sixth Amendment right to effective assistance of counsel on appeal by counsel failing to raise a meritorious "dead bang winner" claim, which was integral to defendant's case and may have resulted in reversal of his conviction and a withdrawal of his guilty plea.
>
> II. Reversal is required where the court failed to properly instruct the defendant of the possible consequences associated with the court accepting his pleas of guilty making his plea unknowingly and unintelligently made violating due process.

The circuit court denied Petitioner's motion on June 10, 2013. Petitioner did not appeal the denial because "[t]he help [he] received in filing the 6500 motion was not very good, and the issues raised were not argued that well, so [he] decided to forego filing any further appeal in the state courts on those two issues." (Pet., docket #1, Page ID#4.)

On or about November 27, 2013, Petitioner filed the instant petition raising the same three grounds for relief that he raised in Case No. 308122.

**Discussion**

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d

480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. "[A] state may not be considered to have waived the defense of nonexhaustion unless it does so expressly and through counsel." *Rockwell v. Yukins*, 217 F.3d 421, 423-24 (6th Cir. 2000).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that all three of his claims are exhausted because they were presented to both the Michigan Court of Appeals and the Michigan Supreme Court. However, the record in this case discloses otherwise.

Petitioner raises three grounds for relief in this habeas petition. The same three grounds for relief were raised in both Case No. 304463 and Case No. 308122. However, Petitioner only sought review in the Michigan Supreme Court with respect to Case No. 304463. Neither the Michigan Court of Appeals nor the Michigan Supreme Court ever reviewed Petitioner's claims on the merits in connection with that case. Rather, the court of appeals dismissed Case No. 304463 for lack of jurisdiction on March 12, 2012. Thereafter, the Michigan Supreme Court issued an ambiguous standard order denying Petitioner's application for leave to appeal because it was "not persuaded that the questions presented should be reviewed." (*See* Brief in Support of Habeas Pet., docket #4-1, Page ID##60.) Where, as here, "the last reasoned opinion" addressing Petitioner's claims "explicitly imposes a procedural default, [the Court] will presume that a later decision

rejecting the claim did not silently disregard that bar and consider the merits." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). Accordingly, the Court presumes that the Michigan Supreme Court did not consider the merits of Petitioner's application.

In Case No. 308122, the court of appeals considered the merits of Petitioner's claims and denied Petitioner's delayed application. Petitioner never appealed this denial on the merits to the Michigan Supreme Court. Accordingly, Petitioner has failed to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Consequently, the claims raised in this petition have not been exhausted.

That said, exhaustion is only a problem if there is a state court remedy available for Petitioner to pursue, thus providing the state courts with an opportunity to cure any constitutional infirmities in the state court conviction. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). If no further state remedy is available to the petitioner, exhaustion does not present a problem, but the claim is procedurally defaulted and the federal court must determine whether cause and prejudice exists to excuse the failure to present the claim in state court. *Id.*

Under Michigan law effective August 1, 1995, a defendant may file one motion for relief from judgment under M.C.R. 6.500 *et. seq*. *See* M.C.R. 6.502(G)(1). Petitioner already has filed his one allotted motion in which he raised claims other than those presented in the instant petition. He therefore has no available remedy.

At this juncture, the court must consider whether there is cause and prejudice to excuse Petitioner's failure to present his claims in state court. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Rust*, 17 F.3d at 160. To show cause sufficient to excuse a failure to raise claims on

direct appeal, Petitioner must point to "some objective factor external to the defense" that prevented him from raising the issue in his first appeal. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see McCleskey v. Zant*, 499 U.S. 467, 497 (1991). A petitioner who fails to demonstrate cause and prejudice cannot have a cognizable claim. *Gray*, 518 U.S. at 162. Further, where a petitioner fails to show cause, the court need not consider whether he has established prejudice. *See Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir. 1985).

Petitioner does not allege any facts to suggest that "some objective factor external to the defense" prevented him from exhausting his claims. *Murray*, 477 U.S. at 488. Nowhere does Petitioner explain why he did not appeal the Michigan Court of Appeals' denial in Case No. 308122 to the Michigan Supreme Court. Consequently, Petitioner has not established cause sufficient to excuse his failure to exhaust his claims in the state court. Accordingly, Petitioner's claims are procedurally barred and cannot be reviewed by this Court.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that

an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:     February 14, 2014            /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE